

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS.**
**WR-88,958-01**
**WR-88,958-02**
**WR-88,958-03**
**WR-88,958-04**
**WR-88,958-05**

**EX PARTE STANTON WAYNE YATES, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS**
**CAUSE NOS. 1525082A, 1525085A, 1525086A, 1525083A, AND 1525084A**
**IN THE 8TH DISTRICT COURT FROM HOPKINS COUNTY**

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant of four offenses of organized crime and one offense of burglary of a habitation. It assessed lengthy prison terms. The convictions were affirmed on direct appeal. *See Yates v. State*, 505 S.W.3d 631(Tex. App.—Texarkana 2016).

Applicant raises many claims in his habeas applications, including several claims of ineffective assistance of trial counsel. He has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114 (Tex. Crim. App. 1999). There is no response from Applicant's trial counsel in the habeas record provided to this Court, and there are no findings from the trial court. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance by explaining counsel's representation of Applicant, including applicable strategy and tactical decisions. To obtain the response, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding the claims raised in the habeas applications. The trial court may also make any other findings of fact and conclusions of law it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be

obtained from this Court.

Filed: October 31,2018
Do not publish